19938

Sidney N. JACKSON, Respondent, v. H & S OIL COMPANY, INC., and Port City Steel Erectors, of which H & S Oil Company, Inc., is Appellant.

(211 S. E. (2d) 223)

*Messrs. Thomas S. Tisdale, Jr.,* and *Wallace G. Holland,* of *Young, Clement & Rivers,* Charleston, *for Appellant,*

*Messrs. Robert B. Wallace,* of Charleston, and *George B. Bishop,* of Moncks Corner, *for Respondent,*

January 9, 1975.

BRAILSFORD, Justice.

I respectfully dissent from so much of the opinion of Justice Littlejohn as finds reversible error in the refusal of the trial judge to exclude the testimony of Dr. Solomon. As I read the opinion, it holds that the court was required to deny plaintiff the use of this important witness as a sanction for his violation of Circuit Court Rule 90.

In the first place, I find no such violation. Since Dr. Solomon was a stranger to plaintiff when his responses to the original interrogatories were served, the omission of his name from the list of prospective witnesses was unimpeachable. Plaintiff's responses when filed were in full compliance with the letter and spirit of Rule 90. His only further obligation, Section (c) of the Rule, was to promptly transmit to appellant any information sought which should come to his knowledge after submission of his answers and prior to trial. More specifically, Section (c) of the Rule does not establish a cutoff point for furnishing the names of newly consulted experts. It merely requires prompt transmittal of the required information upon discovery of the availability and usefulness of an unlisted witness.

Here, newly associated counsel for plaintiff suggested on Friday before court week, following his initial interview with Dr. Wallace, that an effort should be made to have

plaintiff's employability evaluated by Dr. Solomon, an expert on such evaluations. By arrangement of counsel, plaintiff was examined by Dr. Solomon for the first time on Saturday and X-rays were taken. These were not available to the doctor until Monday morning shortly before a pre-trial conference conducted by the presiding judge and attended by counsel for all parties. At this conference, counsel for plaintiff advised opposing counsel that plaintiff had been examined by Dr. Solomon and that he would be called as an expert witness.

This advice at pre-trial fully met the requirement of prompt transmittal of the information after it came to the knowledge of plaintiff's counsel that the doctor's testimony would be helpful to their client's cause. Of course, the court should be astute to guard against abuse of the spirit of the Rule by calculated procrastination in securing expert opinions or by any other subterfuge. However, nothing in this record would support an attack on the good faith of counsel, and none has been mounted.

But if the view that there was a violation of Rule 90 should, perchance, prevail, such violation does not result in automatic exclusion of the testimony of a witness whose identity was not timely disclosed. Instead, ". . . such matters, of necessity, have to be left largely to the discretion of the trial court." *Laney v. Hefley,* 202 S. E. (2d) 12, 14 (S. C. 1974). When a violation is made to appear, it lies within the discretion of the trial judge to decide what sanction, if any, should be imposed. The rule is "designed to promote decisions on the merits after a full and fair hearing, and the sanction of exclusion of a witness should never be lightly invoked." *Carver v. Salt River Valley Water Users' Ass'n.,* 8 Ariz. App. 386, 446 P. (2d) 492, 496 (1968).

Upon being advised at pre-trial conference that Dr. Solomon would be called as a witness to plaintiff's incapacity for work, counsel for appellant expressed no concern that

his client might be prejudiced by the testimony of an unlisted expert. He did not request a delay or continuance so that Dr. Solomon might be examined, and he did not move that the proposed testimony be excluded for violation of Rule 90. Although the record does not contain a transcript of the pre-trial conference, the suggestion in the opinion that appellant's counsel may have made a pre-trial objection "between counsel out of the presense of the judge" is dispelled by counsel's express stipulation, made when the doctor was called as a witness after lunch on the second day of the trial, that he had not previously objected.

I would hold that by entering upon the trial of the week-long case, with full knowledge of the fact that Dr. Solomon would be called as a witness, without objection and without seeking any appropriate relief, appellant waived any right he might otherwise have had to insist that the testimony be excluded, and would affirm the judgment of the circuit court.

As to the remaining grounds of appeal, I concur in the conclusion of Justice Littlejohn that they are without merit.

This opinion, having been written in dissent but having been concurred in by a majority, becomes the judgment of the Court.

Affirmed.

Moss, C. J., and LEWIS and BUSSEY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting) :

This action was brought by plaintiff Jackson, seeking actual and punitive damages as a result of personal injuries sustained in a three-vehicle collision which occurred on November 10, 1970. The jury wrote a verdict in favor of the plaintiff for $175,000.00. actual damages and $25,000.00 punitive damages against H & S Oil Company, Inc. No verdict was returned against the defendant Port City Steel

Erectors and, accordingly, that defendant was exonerated. Defendant H & S Oil Company, Inc. has appealed.

The complaint alleges that Jackson was "seriously, painfully and permanently injured in his person" and that as a result of the severe injuries "upon information and belief will be *partially*-permanently disabled." (Emphasis added.)

The evidence reflects that Jackson was proceeding south in a convertible along Highway 41 near Huger, South Carolina, at a speed of some 50 to 55 miles an hour. He was meeting a low-boy truck, with a backhoe loaded thereon, operated for Port City Steel Erectors. An oil tanker, operated on behalf of H & S Oil Company, Inc., was overtaking the low-boy and meeting Jackson. It is inferable that the driver of the tanker pulled out of his lane of traffic to pass the low-boy, precipitating a collision course which caused Jackson's injuries.

In this appeal appellant H & S Oil Company, Inc. submits that judgment should be entered in favor of the defendant, or in the alternative a new trial should be granted. Error is alleged (1) in permitting Dr. Robert Solomon, a medical doctor, to testify, (2) in permitting Dr. Oliver G. Wood, an economist, to testify, (3) in refusing to direct a verdict or grant judgment notwithstanding the verdict as to actual damages, (4) in refusing to direct a verdict or grant judgment notwithstanding the verdict as to punitive damages, (5) in refusing to hold that the damages were excessive such as to require a new trial, and (6) in refusing to charge § 46-545.1 of the Code after the jury made an inquiry relative to warning lights.

We are of the opinion that the evidence warrants the inference that the driver of appellant's tanker pulled out of his lane of traffic at a time when he was overtaking the low-boy and meeting the plaintiff in his Ford convertible, and that such conduct made a jury issue as to negligence and recklessness and, accordingly, there

was no error in submitting the case to the jury on both the actual and punitive damage issue. We agree with the lower court that a charge on § 46-545.1 was not required. Whether the actual damages in the amount of $175,000.00 were excessive depends largely on whether the testimony of Dr. Solomon should have been permitted. In oral argument before the court it was conceded that the testimony of Dr. Wood was proper if the testimony of Dr. Solomon was properly admitted.

We are of the opinion that a new trial should be granted because of the failure of the trial judge to exclude the testimony of Dr. Solomon, and we reverse on that ground alone.

As indicated hereinabove, the collision occurred on November 10, 1970. This action was started by service of a complaint on May 3, 1972.

As a part of the pretrial discovery, in keeping with Circuit Court Rule 90, the defendants served interrogatories upon plaintiff's counsel, which were answered in due course. Counsel for plaintiff was required to give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case, and to indicate whether or not written or recorded statements had been taken from the witnesses. Plaintiff's counsel supplied the names and addresses of 18 witnesses; the names of seven medical doctors were given, but the name of Dr. Robert Solomon was not included. In preparation for trial defendants deposed all of the seven medical doctors whose names were listed. In addition, twenty-nine other prospective witnesses were deposed. The seven doctors had attended the plaintiff at some time.

Dr. Robert Solomon had never seen the plaintiff until just prior to the trial of the case. Trial commenced on Monday, September 24, 1973, in Moncks Corner. Dr. Solomon examined the plaintiff two days previously, on Satur-

day, in preparation of his testifying in court. His examination was not completed until Monday morning, at which time he was supplied with x-rays made on Saturday.

It was at a pretrial conference, incident to the opening of court on Monday morning, that counsel for plaintiff first advised the attorneys for appellant that they would call Dr. Solomon.

In determining whether there was error in allowing Dr. Solomon to testify, it is important to view the background and setting of the trial. The collision and resulting injuries had occurred 34 months previously. The complaint had been served about 16 months before trial. Counsel for the defendants had deposed 36 witnesses, including 7 medical doctors, in preparation for the trial.

The trial was to consume a week; 17 witnesses were to be called, and counsel, most of whom were from out of town, had assembled at Moncks Corner. On Monday morning, September 24, just prior to drawing the jury, the judge held a pretrial conference and plaintiff's attorneys announced for the first time that they would call Dr. Solomon. Dr. Solomon had never seen the plaintiff until two days before trial, at which time he examined him for the sole purpose of testifying. It was not until the morning of trial that Dr. Solomon received the x-rays and completed the examination.

A jury was drawn and the court recessed at 11:30, with the jury to return and commence the taking of testimony immediately after lunch.

By waiting until two days before trial to have the plaintiff examined, counsel for plaintiff took a calculated risk that the trial judge would permit Dr. Solomon to testify. Counsel for plaintiff states that "the plaintiff did not see a need or desire to employ Dr. Solomon until that weekend prior to the trial."

In failing to move for a continuance, counsel for the defendant took a calculated risk that the judge would re-

fuse to let Dr. Solomon testify because of failure to comply with Rule 90. Counsel for Port City Steel Erectors states that he objected at the pretrial conference to the use of Dr. Solomon. The record does not show that counsel for appellant objected. Apparently such objections as were made were between counsel out of the presence of the judge.

When Dr. Solomon was called as a witness on Tuesday afternoon, the second day of the trial, counsel did object to the use of his testimony and the judge gave him an opportunity to talk to the doctor at that time. The offer to confer with the witness was declined and Dr. Solomon proceeded to testify. If the actual damages verdict is justifiable it is solely because of the testimony of Dr. Solomon. Apparently none of the other seven doctors would testify that this plaintiff was totally and permanently disabled. Certainly none of the three other doctors who were called would testify to that effect.

Clearly, the plaintiff received some injuries in the collision. It cannot be seriously questioned but that appellant is liable. The key to this entire case is the amount of damages which should be paid, and for this reason the testimony of Dr. Solomon was extremely important. There was no opportunity for appellant to pursue the discovery which the letter and spirit of Circuit Court Rule 90 intended it to have. Argument of counsel for plaintiff that "his deposition could have been taken even before the trial commenced, during lunch breaks, during evenings, and during mornings prior to the trial of this case" has little appeal.

Actually, counsel may have been better off if there had been no discovery proceedings because plaintiff, referring them to seven doctors who had treated the plaintiff, reinforced their belief that there was no permanent disability and led them to believe that these were the doctors who would supply the testimony at trial.

We held in *Laney v. Hefley*, 262 S. C. 54, 202 S. E. (2d) 12 (1974), that whether or not a surprise witness

would be allowed to testify was largely in the discretion of the trial judge. We need not reverse any holding in that case to arrive at the conclusion that Dr. Solomon should not have been allowed to testify. His testimony, coming as it did under the circumstances, simply denied the defendant a fair trial on the only critical issue in the whole case.