## 53821. THE STATE v. ROBINSON et al.

QUILLIAN, Presiding Judge.

The state appeals the grant of defendants' motion to suppress certain evidence. The sole ground urged by defendants was that the search warrant was issued by a justice of the peace who was not neutral by virtue of his financial interest in the decision of whether or not to issue the warrant. *Held:*

The trial judge found as follows: "At the time the Justice of the Peace issued the search warrant in this case, he was aware that under the law he was entitled to collect a fee of $5.00 for issuing the warrant, but was not entitled to collect any fee for refusing to issue the warrant. This Justice of the Peace has never collected a fee for issuing a search warrant and to date has not collected a fee in this case. He knew at the time he issued this search warrant that an arrest warrant would probably issue later, and if he issued the arrest warrant, he would collect a fee for doing so. The Justice of the Peace's financial welfare, therefore, could be enhanced by positive action and would not be enhanced by negative action.

"The Court, therefore, finds that this case falls within the ruling of the United States Supreme Court in John Connally vs. the State of Georgia, — U. S. — (1977), in that the issuance of the search warrant by the Justice of the Peace effected a violation of the protections afforded these defendants by the Fourth and Fourteenth Amendments of the United States Constitution."

The United States Supreme Court has not declared Code Ann. § 24-1601 (Ga. L. 1949, pp. 956-959; 1958, pp. 201, 202; 1967, p. 469) unconstitutional. It has, however, held that a justice of the peace who issues a search warrant can not be a neutral, detached magistrate

because he receives remuneration under that statute for issuing a search warrant but not for denying one. The test as given is whether his financial welfare is enhanced by positive action and not enhanced by negative action. Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977). The trial judge having found as a fact that the justice of the peace's financial condition could be enhanced by positive action, absent errors of law, we will not reverse where there is some evidence to sustain the judge's findings.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED MAY 9, 1977 — DECIDED JUNE 10, 1977 —
REHEARING DENIED JULY 1, 1977 — 

*Thomas J. Charron, District Attorney, Adele P. Grubbs, Assistant District Attorney,* for appellant.
*Johnson & Jones, Albert E. Jones,* for appellees.
*Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* amicus curiae.