## 54394. LAWSON v. THE STATE.

Bell, Chief Judge.

Defendant was convicted of possession of marijuana. *Held:*

1. The trial court denied the motion to suppress because of an illegal search and seizure. One of the

grounds of the motion was that the search warrant was not issued by a neutral and detached magistrate. It appears that the search warrant was issued by a justice of the peace on November 5, 1976 who was entitled to a fee for issuing the warrant but who would not receive any remuneration if he denied the officer's request for a warrant. Code Ann. § 24-1601. At the time the warrant was issued and executed the Supreme Court of Georgia on July 9, 1976, had held in *Connally v. State,* 237 Ga. 203 (227 SE2d 352), that Georgia's fee system utilized for paying a justice of the peace for issuing a search warrant was insufficient to establish that the issuing justice of the peace was not neutral and detached. On January 10, 1977, the Supreme Court of the United States reversed this case holding that our statutory system for the issuance of warrants by justices of the peace violates protections afforded by the Fourth and Fourteenth Amendments when the justice is not salaried and receives a $5 fee when a warrant is issued; none when not issued, thus not subjecting a defendant to judicial action by a neutral and detached magistrate, but by a court officer with a personal, pecuniary interest affecting his decision to either issue or deny the warrant. Connally v. Georgia, — U. S. — (97 SC 576, 50 LE2d 444). The defendant here contended at the motion to suppress hearing held on January 25, 1977 that Connally must be applied to his case which would render the evidence seized inadmissible. The state on the other hand argued that Connally should be applied prospectively to searches conducted after the date of the Connally decision. We agree with the state. In United States v. Peltier, 422 U. S. 531 (95 SC 2313, 45 LE2d 374), the Supreme Court after reviewing prior decisions on the retroactivity problem in the context of the exclusionary rule held that if law enforcement officers reasonably believe in good faith that evidence that had been seized was admissible at trial, judicial integrity is not offended by the introduction into evidence of that material even if decisions subsequent to the search or seizure have broadened the exclusionary rule to encompass evidence seized in that matter and when this is shown retroactive application of the new rule is not required. Peltier further held that the parties may

reasonably rely upon legal pronouncement even though they emanate from sources other than the United States Supreme Court. Consequently, applying Peltier to this case it can be seen that the Connally holding must be applied prospectively to searches conducted after January 10, 1977. At the time the warrant was issued the Georgia Supreme Court had ruled that justices of the peace could validly issue a search warrant under our statutory fee system which system had been in effect for many years. This very plainly shows that the officers reasonably believed in good faith that the evidence they seized by reason of the warrant issued by this judicial officer would be admissible at trial as the warrant was obtained by them in conformity with statutory and case law then in effect. The motion to suppress contained other grounds but this is the only issue argued on appeal with respect to the validity of the warrant. It was not error to overrule the motion to suppress. The recent case of *State v. Patterson,* 143 Ga. App. 225, is authority for the holding here. It should be noted that the case of *State v. Robinson,* 142 Ga. App. 705 (237 SE2d 1), neither discussed nor applied a holding of the issue of retroactivity.

2. The enumeration of errors which concern the charge of the court have no merit.

3. The evidence authorized the conviction.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 20, 1977 —

*Baker, Conrad & Abernathy, Elliott R. Baker, Amy A. Hembree,* for appellant.

*C. B. Holcomb, District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* amicus curiae.