0480

Fannie TRIBBLE and Augustus Tribble, Appellants, v. H. M. HENTZ, d/b/a H. M. Hentz & Sons, James Chapman and Jimmy Bedenbaugh, Respondents.

(330 S. E. (2d) 560)

Court of Appeals

*Ken Suggs,* of *Suggs & Kelly, P. A.,* Columbia, *for appellants.*

*William W. Watkins,* of *Turner, Padget, Graham & Laney, P. A.,* Columbia, *for respondents.*

Heard April 22, 1985.

Decided May 21, 1985.

GOOLSBY, Judge:

The issue involved in this appeal is whether the trial judge abused his discretion in permitting an expert witness to testify when counsel for the opposing parties learned the day before the trial that the witness would be called as an expert. We are not convinced from the record that the court, in allowing the expert witness to testify, committed an abuse of discretion amounting to an error of law. We therefore affirm.

On September 17, 1982, approximately three months after this action was commenced, counsel for the appellants Fannie and Augustus Tribble served interrogatories upon counsel for the respondents H. M. Hentz, James Chapman, and Jimmy Bedenbaugh requesting, among other things, the names of the respondents' expert witnesses.

The action appeared on the trial roster for the term of court beginning on November 15, 1982. Answers to the appellants' interrogatories were served on November 16, 1982. They contained no response to the question requesting the identity of any expert witnesses.

The respondents retained D. G. Hembree as an expert witness on November 16, 1982, and later the same day their counsel informed the appellants' attorney of his intention to call Hembree as an expert witness.

Trial began the next day, November 17, 1982. The appellants made no motion before the start of trial either for a continuance or to exclude Hembree's testimony as an expert witness. Rather, they waited until the respondents called him to testify to voice an objection. They based their objection on the ground that the furnishing of the expert witness' name on the day before trial did not allow them sufficient

time within which to prepare for his cross-examination and to meet his testimony.

The trial judge, in the exercise of his discretion, allowed Hembree to testify as an expert witness. On appeal, the appellants charge the trial judge with an abuse of discretion.

Circuit Court Rule 90(c) requires the prompt transmittal of any information sought that comes to a party's knowledge after submission of the party's answers to interrogatories prior to trial. *Jackson v. H & S Oil Company, Inc.,* 263 S. C. 407, 211 S. E. (2d) 223 (1975). As our Supreme Court recognized in *Jackson,* the rule does not establish a cutoff point for providing the names of newly-consulted experts; rather, the rule "merely requires prompt transmittal of the required information upon discovery of the availability and usefulness of an unlisted witness." *Id.* at 410, 211 S. E. (2d) at 225.

Here the transmittal of the expert's name on the same day he was retained met Rule 90(c)'s requirements. Nothing in the record suggests otherwise. There is no claim by appellants that either the respondents or their attorney acted in bad faith and the record contains no evidence that would support such a charge even if it were asserted.

Moreover, if counsel had violated Rule 90(c), the violation would not have required the automatic exclusion of the witness' testimony by the trial judge and it would not require a finding of reversible error by us. *Laney v. Hefley,* 262 S. C. 54, 202 S. E. (2d) 12 (1974). Where a party fails timely to disclose the identity of an expert witness, the question of whether the witness' testimony may be received in evidence is left largely to the discretion of the trial judge. *Jackson v. H & S Oil Company, Inc., supra; Laney v. Hefley, supra.* We discern no abuse of discretion in this instance particularly since the appellants, with full knowledge of the fact Hembree would be called as an expert witness, entered upon the trial of the case without first having moved to exclude his testimony or having requested either a delay or continuance of the trial. *Jackson v. H & S Oil Company, Inc., supra; cf. Reed v. Clark,* 277 S. C. 310, 286 S. E. (2d) 384 (1982) (trial judge's discretion in excluding expert witness

upheld where witness found during course of trial and party failed to comply with Rule 90.)

Affirmed.

GARDNER and CURETON, JJ., concur.