2218

Susan M. BURNS, Respondent v. SOUTH CAROLINA
COMMISSION FOR the BLIND, Appellant.

(448 S.E. (2d) 589)

Court of Appeals

*William H. Davidson, II* and *Andrew F. Lindemann,* of *Ellis, Lawhorne, Davidson, Sims, Morrison & Sojourner,* Columbia, *for appellant.*

*William S. Tetterton,* of *Tetterton & Partin,* Camden, *for respondent.*

Heard Mar. 10, 1994.

Decided Aug. 15, 1994.

HOWELL, Chief Justice:

This is a negligence action. Susan Burns was sexually assaulted while residing in a dormitory at the Ellen Beach Mach Rehabilitation Center.[1] She brought this action against the South Carolina Commission for the Blind under the South Carolina Tort Claims Act. The jury returned a verdict of $60,000 actual damages. We reverse and remand for a new trial.

Burns entered the Center in April, 1990. On her second night at the facility, she was awakened by someone on top of her, attempting to sexually assault her. The alleged assailant was a fellow student. The assailant asked if Burns wanted him to leave. Burns replied that she did and he immediately left without further incident.

The Commission contends the trial judge erred in refusing to charge the jury the Commission is not an insurer of the safety of its clients.[2] We agree.

---

[1] The Center is operated by the South Carolina Commission for the Blind.

[2] The Commission requested the following charge.

I charge that the [Commission] "is not the insurer of safety for [its clients]. Rather, [the Commission] owes to [its clients] the duty of exercising reasonable care to maintain in a reasonably safe condition those parts of [its] premises which a [client] may be expected to use." (Citation omitted.)

Burns contends the trial judge's refusal to charge was not error because the Commission's duty to act arises out of a duty imposed under S.C. Code Ann. §§ 43-33-10 and 43-25-30 (1985).[3] We disagree.

In *Rayfield v. South Carolina Department of Corrections*, 297 S.C. 95, 374 S.E. (2d) 910 (Ct. App. 1988), *cert. denied*, 298 S.C. 204, 379 S.E. (2d) 133 (1989), we restated the established law of tort liability. At common law, there was no duty imposed on a person to act. A person generally incurs no liability for failure to take steps to benefit others or to protect others from harm not created by his own wrongful act. An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance. *Id.* Accordingly, a statute may be the source of a duty.

The existence of such a statutorily imposed duty is determined by applying the test derived in *Rayfield*. Each element must be satisfied to find a statute imposes a duty sufficient to support a cause of action in negligence. First, it must be demonstrated that the essential purpose of the statute is to protect the plaintiff from the kind of harm suffered. Second, the plaintiff must be a member of the class of persons the statute seeks to protect. *Id.* We do not find the sections offered by Burns meet the above criteria and, therefore, find no statutory duty imposed upon the Commission.

The duty owed to Burns to protect her from the acts of third persons may evolve from the special relationship that arose as a result of her seeking the services of the

---

[3] Our legislature has statutorily declared this state's policy concerning visually handicapped persons:

It is the policy of this State to encourage and enable the blind, the visually handicapped, and the otherwise physically disabled to participate fully in the social and economic life of the State and to engage in remunerative employment.

S.C. Code Ann. § 43-33-10 (1985).

In furtherance of this policy, the South Carolina Commission for the Blind was created. The Commission is directed to

(8) Establish, equip and maintain a center for vocational, industrial and other training and employ qualified instructors. The center shall provide for orientation and adjustment for the visually handicapped. Training in such centers shall be limited to persons deemed eligible by the Commission.

S.C. Code Ann. § 43-25-30(8) (1985).

Commission. The South Carolina Tort Claims Act allows recovery against a governmental agency in the same manner as a person or private entity. S.C. Code Ann. § 15-78-40 (Supp. 1993). This relationship, analogous to that of a business invitee, imposes liability on the Commission, if at all, similar to that of an owner of a business. The only duty owed by an owner to its invitee is to take reasonable care to protect them. Generally, the owner is not liable for the acts of third persons, unless the owner knew or had reason to know of the occurrence. *Bullard v. Ehrhardt*, 283 S.C. 557, 324 S.E. (2d) 61 (1984).

We disagree with the trial judge's conclusion that the case before him was not a premises liability case. If the requested charges states a sound principle of law that is applicable to the case, and not otherwise covered by the charge, refusal to charge it is error and requires a new trial. *Sanders v. Western Auto Supply Co.*, 256 S.C. 490, 183 S.E. (2d) 321 (1971). Moreover, when general instructions to the jury are insufficient to enable the jury to understand fully the law of the case and issues involved, a refusal to give a requested charge is reversible error. *Jones v. Ridgely Communications, Inc.*, 304 S.C. 452, 405 S.E. (2d) 402 (1991).

We find the trial judge's failure to give the requested charge is prejudicial error. In addition, we hold this is a premises liability case and, therefore, the trial judge should have charged the jury on premises liability, as limited by the South Carolina Torts Claims Act.

Based on our decision on the above issue, we find it unnecessary to reach the other issues. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

SHAW and CURETON, JJ., concur.