**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Fatima Karriem, through her court appointed guardian, Phillip Simmons, Appellant,

v.

Sumter County Disabilities and Special Needs Board, Respondent.

Appellate Case No. 2012-213321

―――――――――――

Appeal From Sumter County
Clifton Newman, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2015-UP-213
Submitted March 25, 2015 – Filed April 22, 2015

―――――――――――

**AFFIRMED**

―――――――――――

John Richard Moorman and Joseph Thomas McElveen, III, Bryan Law Firm of SC, L.L.P., of Sumter, for Appellant.

G. Murrell Smith, Jr., Lee, Erter, Wilson, Holler & Smith, LLC, of Sumter and Steven Barry Johnson, of Columbia, both for Respondent.

―――――――――――

**PER CURIAM:** Fatima Karriem, an adult diagnosed with autism and mental retardation, brought negligence claims against the Sumter County Disabilities and Special Needs Board after she fell and injured herself at a special needs facility operated by the Board. The circuit court granted the Board's motion for summary judgment, finding Karriem presented no evidence of gross negligence as required by South Carolina Code subsection 15-78-60(25) (2005), an exception to the waiver of immunity under the Tort Claims Act (the Act).

On appeal to this court, Karriem asserted the circuit court erred in granting summary judgment because (1) it applied a gross negligence standard, instead of a negligence standard, to her premises liability claim, and (2) issues of material fact existed as to whether the employees were grossly negligent in supervising, monitoring, and protecting Karriem. We found issue (1) not preserved for our review but affirmed as to issue (2) "because the evidence [did] not support an inference that the employees at the facility failed to exercise at least slight care in supervising Karriem." *Karriem ex rel. Simmons v. Sumter Cnty. Disabilities & Special Needs Bd.*, No. 2012-213321, 2014 WL 5390517, at \*1 (Ct. App. Oct. 22, 2014). The supreme court granted Karriem's petition for writ of certiorari as to issue (1) only and reversed and remanded the case to this court to address the following: "whether petitioner's premises liability claim is subject to a Tort Claims Act exception"; and "whether summary judgment on petitioner's premises liability claim is proper." No. 2014-002743, 2015 WL 1396438, at \*1 (S.C. Mar. 25, 2015). We now affirm.

Subsection 15-78-60(25) of the Act provides that a governmental entity is not liable for a loss resulting from the "supervision, protection, control, confinement, or custody of any . . . patient . . . , except when the responsibility or duty is exercised in a *grossly negligent* manner." (emphasis added). This subsection "usually applie[s] in situations where a governmental entity is responsible for the actual physical accountability for the person." *Plyler v. Burns*, 373 S.C. 637, 652, 647 S.E.2d 188, 196 (2007). "The unambiguous language of [subsection 15-78-60(25)] clearly refers to the protection of the physical person" and imposes a "duty to protect [a patient] from physical harm." 373 S.C. at 653, 647 S.E.2d at 197.

Karriem argues subsection 15-78-60(25)—and the gross negligence standard contained within it—does not apply to her premises liability claim. Instead, she asserts the common law negligence standard is proper in this case because the Act contains no "exception to the State's waiver of immunity to properly maintain its premises in a safe condition." Thus, she contends the circuit court erred in applying a gross negligence standard to grant summary judgment on this claim.

We find that under the particular facts of this case, subsection 15-78-60(25) applies to provide immunity for the Board. Due to her status as a patient of the facility, the Board owed her a duty of providing reasonable supervision, protection, and control. When Karriem tripped over a water hose and was injured, the employees of the facility were exercising a duty involving the supervision and control of Karriem. Her allegations of wrongdoing support this conclusion.

In her complaint, Karriem alleged the employees failed to adequately "protect," "monitor," and otherwise supervise Fatima while at the facility, which mirrors the language provided in subsection 15-78-60(25).[1] On appeal, Karriem's assertions align with the allegations in her complaint. Particularly, she argues the employees, with knowledge of her limited mental capacity and propensity to become easily startled, allowed her and other patients to sit in an area near to "where landscaping work was being performed . . . and where equipment was lying about and not properly stored." She asserts the water hose "created a danger or unsafe environment" due to the diminished capacity of the patients at the facility, and thus, the employees had a heightened duty to protect these patients from run-of-the-mill hazards—like a garden hose lying on the ground. These allegations form the basis of Karriem's premises liability claim. We interpret these allegations as a claim that the employees failed to provide a safe physical environment for her because they "improperly supervised, protected, controlled, or confined [Karriem], bringing this case squarely within the terms of the statute." *Stewart v. Richland Mem'l Hosp.*, 350 S.C. 589, 594, 567 S.E.2d 510, 513 (Ct. App. 2002); *see also Monteith v. Harby*, 190 S.C. 453, 453, 3 S.E.2d 250, 250 (1939) ("The construction of a pleading involves a matter of law."). Thus, we find the circuit court properly concluded she must prove the employees' conduct constituted gross negligence under subsection 15-78-60(25).

Karriem relies on three cases to support her argument, all of which we find distinguishable. First, *Hughes v. Children's Clinic, P.A.*, 269 S.C. 389, 237 S.E.2d

---

[1] Specifically, Karriem's complaint stated the employees at the facility breached the following duties owed to Karriem: (1) "protecting [her] health and/or safety"; (2) "protecting [her] from any unreasonable risk of harm"; (3) "monitoring [her] to insure compliance with the [Board]'s duty to provide her a safe environment"; (4) "complying with the standard of care applicable to [her] monitoring at the . . . facility"; and (5) "exercising reasonable care toward a mentally, physically, and developmentally challenged woman with disabilities and special needs."

753 (1977), does not apply to determining the standard of care because the defendant, a doctor's office, was a private party, not a governmental entity. Second, *Creech v. South Carolina Wildlife and Marine Resources Department*, 328 S.C. 24, 491 S.E.2d 571 (1997), involved the "discretionary immunity" exception found in South Carolina Code subsection 15-78-60(5) (2005). 328 S.C. at 28, 491 S.E.2d at 573. The supreme court found this exception did not apply because the governmental defendant did not exercise any discretion. 328 S.C. at 28-30, 491 S.E.2d at 573-74. Because no other exception to the waiver of sovereign immunity was applicable, the *Creech* court applied common law negligence principles to determine the merits of the premises liability claim. Here, however, we find an exception does apply—the "supervision" exception in subsection 15-78-60(25)— and thus the gross negligence standard of proof applies.

Finally, Karriem relies on *Burns v. South Carolina Commission for the Blind*, 323 S.C. 77, 448 S.E.2d 589 (Ct. App. 1994), which we find supports our holding. In *Burns*, a resident at a rehabilitation center, who was the victim of an attempted sexual assault by another resident, brought a negligence action against the governmental entity operating the center. 323 S.C. at 78, 448 S.E.2d at 590. The governmental defendant argued the trial court erred in refusing to charge that it owed its residents the duty to exercise reasonable care in maintaining its premises in a safe condition under the law of premises liability. *Id.* This court reversed and remanded the case, holding "this is a premises liability case and, therefore, the trial [court] should have charged the jury on premises liability, *as limited by the South Carolina Torts Claims Act.*" 323 S.C. at 80, 448 S.E.2d at 591 (emphasis added). This language from *Burns* indicates that although the resident brought a claim for premises liability, it remained subject to any applicable limitations of liability provided by the Act. Because we find subsection 15-18-60(25) applicable in this case, a gross negligence standard applies.

To the extent that any other exception in section 15-78-60 applies, a gross negligence standard would still attach. *See Plyler*, 373 S.C. at 651, 647 S.E.2d at 196 ("When a governmental entity asserts an exception to the waiver of immunity and any other applicable exception contains a gross negligence standard, the Court must read the gross negligence standard into all of the exceptions under which the entity seeks immunity.").

Given our previous holding that no issues of material fact existed as to whether the employees exercised slight care, we find the circuit court correctly granted summary judgment.

**AFFIRMED.**[2]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.