**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Do Yeon Kim, Appellant,

v.

County of Richland, Richland County Sheriff's Department, and Leon Lott in his Official Capacity as Richland County Sheriff, Respondents.

Appellate Case No. 2016-000713

———————

Appeal From Richland County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-286
Heard October 1, 2018 – Filed August 7, 2019

———————

**AFFIRMED**

———————

Thomas Frank Dougall, of Dougall & Collins, of Elgin, and Robert Daniel Dodson, of Law Offices of Robert Dodson, PA, of Columbia, both for Appellant.

Andrew F. Lindemann, of Lindemann, Davis & Hughes, PA, and Robert David Garfield, of Crowe LaFave, LLC, both of Columbia, for Respondents.

———————

**PER CURIAM:** This appeal follows a jury trial involving claims between Do Yeon Kim and County of Richland and Leon Lott in his Official Capacity as Richland County Sheriff arising from a collision between vehicles driven by Kim and a Sheriff's Office Deputy. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the exclusion of Kim's witness: *State v. Santiago*, 370 S.C. 153, 163, 634 S.E.2d 23, 29 (Ct. App. 2006) ("[A] proffer of testimony is required to preserve the issue of whether testimony was properly excluded by the trial judge, and an appellate court will not consider error alleged in the exclusion of testimony unless the record on appeal shows fairly what the excluded testimony would have been." (citing *State v. Roper*, 274 S.C. 14, 20, 260 S.E.2d 705, 708 (1979); *State v. King*, 367 S.C. 131, 136, 623 S.E.2d 865, 868 (Ct. App. 2005))); Rule 33(b), SCRCP, ("[I]nterrogatories shall be deemed to continue from the time of service, until the time of trial of the action so that information sought, *which comes to the knowledge of a party*, or his representative or attorney, after original answers to interrogatories have been submitted, shall be promptly transmitted to the other party." (emphasis added)); *Bensch v. Davidson*, 354 S.C. 173, 182, 580 S.E.2d 128, 132 (2003) ("[T]here is a continuing duty on the part of the party from whom information is sought to answer a standard interrogatory . . . ."); *id.* at 182, 580 S.E.2d at 133 ("When it appears a violation of Rule 33 has occurred, it lies within the discretion of the trial court to decide what sanction, if any, should be imposed." (citing *Jackson v. H & S Oil Co.*, 263 S.C. 407, 411, 211 S.E.2d 223, 225 (1975))); *Barnette v. Adams Bros. Logging, Inc.*, 355 S.C. 588, 592, 586 S.E.2d 572, 574-75 (2003) (listing factors a trial court must consider before excluding a witness as follows: "(1) the type of witness involved; (2) the content of the evidence emanating from the proffered witness; (3) the nature of the failure or neglect or refusal to furnish the witness'[s] name; (4) the degree of surprise to the other party, including the prior knowledge of the name of the witness; and (5) the prejudice to the opposing party" (citing *Jumper v. Hawkins*, 348 S.C. 142, 152, 558 S.E.2d 911, 916 (Ct. App. 2001))).

2. As to allowing testimony by Sheriff Lott: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Allegro, Inc. v. Scully*, 400 S.C. 33, 44, 733 S.E.2d 114, 120 (Ct. App. 2012) ("[T]o warrant reversal based on the admission or exclusion of evidence, the appealing party must show both the error of the ruling and prejudice." (quoting *Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 557, 658 S.E.2d 80, 86 (2008))); *id.* ("Prejudice is a reasonable

probability that the jury's verdict was influenced by the challenged evidence or the lack thereof."); *State v. Griffin*, 339 S.C. 74, 77-78, 528 S.E.2d 668, 670 (2000) ("There is no reversible error in the admission of evidence that is cumulative to other evidence properly admitted." (citing *State v. Williams*, 321 S.C. 455, 463, 469 S.E.2d 49, 54 (1996))); *Fuller-Ahrens P'ship v. S.C. Dep't of Highways & Pub. Transp.*, 311 S.C. 177, 182, 427 S.E.2d 920, 923 (Ct. App. 1993) ("An appellant cannot argue new grounds for reversal by . . . oral argument." (quoting 15 S.C. Juris. *Appeal and Error* § 83, at 173 (1992))).

3. As to exclusion of evidence of Kim's ongoing medical care and treatment: *Samples v. Mitchell*, 329 S.C. 105, 112, 495 S.E.2d 213, 216 (Ct. App. 1997) ("In deciding what sanction to impose for failure to disclose evidence during the discovery process, the trial court should weigh the nature of the interrogatories, the discovery posture of the case, willfulness, and the degree of prejudice.").

4. As to exclusion of the accident report: *Gibson v. Wright*, 403 S.C. 32, 38, 742 S.E.2d 49, 52 (Ct. App. 2013) ("The trial court has broad discretion in the admission or rejection of evidence and will not be overturned unless it abuses that discretion." (quoting *Davis v. Traylor*, 340 S.C. 150, 157, 530 S.E.2d 385, 388 (Ct. App. 2000))); *Gulledge v. McLaughlin*, 328 S.C. 504, 508-09, 492 S.E.2d 816, 818 (Ct. App. 1997) (stating "a long line of South Carolina decisions has excluded the opinions of investigating police officers in automobile accident cases" and listing cases).

5. As to Appellant's argument the trial court erred in charging the jury on the application of section 56-5-760 of the South Carolina Code (2018) and failing to direct a verdict on liability in favor of Kim: § 56-5-760 (permitting an authorized emergency vehicle to proceed past a red light after slowing down as may be necessary for safe operation when responding to an emergency call); § 56-5-760(C) (stating in order to be entitled to this exemption, the vehicle must be operating with blue lights and sirens); *In re Estate of Pallister*, 363 S.C. 437, 451, 611 S.E.2d 250, 258 (2005) ("A jury charge is correct if, when read as a whole, it contains the correct definitions and adequately covers the law." (citing *Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 495-96, 514 S.E.2d 570, 574 (1999))); *Clark v. Cantrell*, 339 S.C. 369, 390, 529 S.E.2d 528, 539 (2000) ("It is error for the trial court to refuse to give a requested instruction which states a sound principle of law when that principle applies to the case at hand, and the principle is not otherwise included in the charge." (citing *Sanders v. W. Auto Supply Co.*, 256 S.C. 490, 497, 183 S.E.2d 321, 325 (1971))); *RFT Mgmt. Co., L.L.C. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331-32, 732 S.E.2d 166, 171

(2012) ("When reviewing the trial court's ruling on a motion for a directed verdict or a JNOV, this Court must apply the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party." (citing *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27-28, 602 S.E.2d 772, 782 (2004))); *id.* at 332, 399 S.E.2d at 171 ("The trial court must deny a motion for a directed verdict or JNOV if the evidence yields more than one reasonable inference or its inference is in doubt." (citing *Strange v. S.C. Dep't of Highways & Pub. Transp.*, 314 S.C. 427, 429-30, 445 S.E.2d 439, 440 (1994))); *id.* ("In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence." (citing *Welch v. Epstein*, 342 S.C. 279, 300, 536 S.E.2d 408, 419 (Ct. App. 2000))).

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur**