13458

VOLLINGTON v. SOUTHERN PAVING CONST. CO. *ET AL.*

(165 S. E., 184)

*Messrs. McNeill & Oliver*, for appellants, 

*Messrs. Baker & Baker* and *P. H. McEachin*, for respondent,

July 28, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

Southern Paving Construction Company, hereinafter called the paving company, is a corporation engaged in the construction and paving of highways, under contract, and at the time of the occurrences set forth in the complaint of the plaintiff herein was engaged in such work in Florence County, S. C., under contract with the State Highway Department, which was made a party to the action, but by consent was dismissed from the suit as a party defendant. George F. Robinson and Thurman Davenport were agents and employees of the paving company. The plaintiff was also employed by the paving company as a laborer, and at an unnamed day, but about the middle of September, 1930,

suffered injuries to his person, and brings this action to recover damages therefor. He alleges in his complaint that, when he was injured, he was engaged in working on and with a device designed to level the highway preparatory to paving it; the issues involved in this appeal do not require that a more detailed description of this instrument, nor of the manner in which plaintiff was injured, nor the extent and nature of his injuries, be given. The answers of the defendants were general denial, admission of the formal allegations of the complaint, and that plaintiff was injured, but they allege that his injuries were due solely to his own negligence.

The case was heard by Judge Mann, with a jury, at the November, 1931, term of the Court of Common Pleas for Florence County, and culminated in a verdict for plaintiff. The defendants appeal from the judgment entered on this verdict.

There are six exceptions, but appellant's counsel treats the issues made by them under three heads, and we shall adopt that method.

Exceptions 1, 5 and 6 charge error to the presiding Judge, for that "he singled out Southern Paving Company as the defendant, apparently relieving the other two defendants of liability in the case."

It does appear that his Honor spoke of the "defendant" and not of the "defendants," and more than once spoke of the paving company as if it were the sole defendant. But evidently it was harmless. It is apparent that the jury were not influenced by it, because they found a verdict against all of the defendants. If defendants' counsel was of opinion that this charge was calculated to prejudice one of his clients, it was his duty to have called this inadvertence to the attention of the Court. This ground of appeal seems to be made solely on behalf of the paving company. We think that defendant was helped rather than hurt by the verdict, since there is nothing in the record to show that the other

defendants are unable to respond by paying their share of the verdict.

Defendant's counsel did not object to the charge, nor call this cause of complaint to the attention of the Court. On the contrary, when he was asked if there was "anything else," he answered, "Nothing for the defendant." *Andrews v. Hurst*, 163 S. C., 86, 161 S. E., 331.

"Where defendants failed to ask trial Judge to correct inadvertent statement of issues, they cannot complain on appeal." *Piner v. Standard Oil Co.*, 163 S. C., 302, 161 S. E., 504; *Builders' L. & S. Co. v. Cheek*, 139 S. C., 299, 137 S. E., 734; *Key v. Ry. Co.*, 165 S. C., 43, 162 S. E., 582.

Exceptions 3 and 4 charge error for that defendant's witness, Burras, was not allowed to answer the following question: "Did you ever see any one else injured by one of these subgraders?"

It does not need the citation of authority to establish that it is the rule of this Court that the admission or rejection of evidence is left largely to the discretion of the Court. We think that discretion was properly exercised in this instance. Other subgraders might be of different design than the one by which plaintiff was injured; some other grader might not be in the same state of repair or lack of repair as that one in question, and might be in a different use, and differently handled. Defendants' witness, James Jeter, when shown what purported to be photographs of the subgrader upon which plaintiff was riding when hurt, said that the picture was not correct; it did not show the grader then in use. Moreover, defendants' witness, Willie China, testified, without objection, that he had often ridden this particular subgrader; that he had never been hurt by it, and had never seen any one but Josh (the plaintiff) get hurt by it. This exception is without merit.

Exceptions 2 and 3 are based upon the ground that "it was brought out that an insurance company paid the hospital bills of the plaintiff after his accident."

It is the admitted rule of law in this jurisdiction that, upon the injection into a case of evidence to show that defendants are protected by indemnity insurance, the presiding Judge is justified in granting to defendants a nonsuit, or in ordering a mistrial. That rule is primarily for the protection of the defendants; and in the present case defendants seek to benefit by the fact that the matter of insurance was brought into the trial of the case. They cannot do so.

The plaintiff is not responsible for the fact that the issue was injected into the trial. The defendant Robinson was on the stand under direct examination by his attorney; he was asked a question to which plaintiff's counsel objected because he apprehended that defendants were seeking to create the impression that they had paid plaintiff's hospital bills; the defendant—witness—volunteered the statement: "The insurance company did." Thereupon plaintiff's counsel asked that the jury be excused, saying: "I would like to discuss it and have your Honor rule on it so that the defendant can't say that plaintiff instigated this into the case." The jury retired, and counsel discussed the matter, and defendants' counsel moved that this testimony "be stricken out." Plaintiff's counsel said: "We will join with the defendant in his motion to strike out that testimony." The jury returned.

Whereupon defendants' counsel said: "I want to ask if he knows who paid the bill." Plaintiff's counsel said: "You are bringing that out and not the plaintiff."

The Court said: "If this matter is pursued any further, I will allow it to stay in the record." Defendants' counsel rejoined: "If that is the proposition, I will not ask him any further question."

It is patent that defendants were seeking to convey to the jury the impression that they had paid plaintiff's hospital bills—probably defendants' counsel was of that impression. In the discussion which was precipitated by the effort of plaintiff's counsel to forestall the question, defendants' wit-

ness—himself a defendant—interjected the information that the insurance company had paid these bills, thus bringing to the attention of the jury, without fault on the part of the plaintiff, that defendants were protected by indemnity insurance. Surely the plaintiff should not be penalized for that for which he was in no wise responsible. The presiding Judge did all he could to repair the inadvertence of defendants' witness. Counsel agreed that the matter be struck from the record. If defendant's counsel felt that the matter was of such moment as to seriously and injuriously affect his clients' interest, he should have moved the Court for a nonsuit, or for the ordering of a mistrial. Having failed to do either of these things, he must be held to have elected to take his chances for a favorable issue of the trial, and therefore to have waived his objections. He cannot be heard to renew them on this appeal. *Builders' Lumber & Supply Co. v. Cheek,* 139 S. C., 299, 137 S. E., 734; *Huggins v. Railroad Co.,* 96 S. C., 267, 79 S. E., 406.

In the case of *Horsford v. Glass Co.,* 92 S. C., 257, 75 S. E., 533, 540, this appears: "When Mr. J. B. S. Lyles objected to the remarks of Mr. P. H. Nelson, as to the matter of liability insurance, and asked the Court to request counsel to keep within the record, the Court so requested, whereupon counsel disclaimed any desire to go out of the record. No further objection was made to the line of argument pursued by counsel. Under these circumstances, the exceptions must be overruled."

See, also, *Gortz v. Ravenel,* 127 S. C., 505, 121 S. E., 369.

We find no error. The judgment of the Court below is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter and Mr. W. C. Cothran, Acting Associate Justice, concur.