## GLEATON v. GREEN.
### No. 5492.

Circuit Court of Appeals, Fourth Circuit.
July 18, 1946.

E. W. Mullins and D. McK. Winter, both of Columbia, S. C. (Nelson, Mullins & Grier, of Columbia, S. C., on the brief), for appellant.

Henry H. Edens, of Columbia, S. C., for appellee.

Before GRONER, Chief Justice, U. S. Court of Appeals for District of Columbia, DOBIE, Circuit Judge, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

J. B. Gleaton, doing business as the Dixie Cab Company, has taken this appeal from a judgment entered in accordance with a jury's verdict in favor of Philip Green in the amount of $15,000, in the District Court of the United States for the Eastern District of South Carolina. The action was for damages for personal injuries sustained when the cab in which Green was riding was hit by a train at a grade crossing in Columbia, South Carolina.

Only a single question is presented on this appeal, since the parties have stipulated that there was sufficient evidence to sustain the verdict, if the judge's refusal to grant a mistrial was proper. This one alleged error occurred when one of defendant's witnesses, not responsively to the question asked, stated that he had made a statement concerning the accident to "an insurance man". The exact wording of the colloquy was as follows:

"Cross-examination

"By Mr. Edens: Q. You may have made such a statement but you didn't mean to make such a statement? A. In other words, I don't think I made the statement.

"Mr. Mullins: Your Honor, there is no testimony yet that he made the statement.

"The Court: This is cross examination. I understood him to say that that was his signature.

"The Witness: I made three statements: one to, I believe it was an insurance man; one to the railroad; and one to a lieutenant out at Fort Jackson, I believe, or a captain. I believe I see him. I don't know whether he is captain or lieutenant. I think that is the one I made a statement to at Fort Jackson. That was after I done got up. They send me a card—didn't send a card—sent a phone message to call Fort Jackson. I don't know how many days after the wreck it was.

"Q. (By Mr. Edens): This is a statement you made before Captain Winner, isn't it, at Fort Jackson? A. I guess it is.

"Mr. Mullins: If your Honor pleases, we'd like to make an objection. We'd like to ask your Honor to excuse the jury.

"The Court: To make the objection?

"Mr. Mullins: Yes, sir. Argument. (The jury was then excused.)

"Mr. Mullins: Your Honor, the witness was talking very low but I understood him to make a reference there to giving a statement to an insurance man.

"The Court: He was asked about the statement that Mr. Edens had and he said that he had made three statements: one to an insurance man, one to some lieutenant he said at the Fort, one to somebody else. He volunteered that himself.

"Mr. Mullins: We think, your Honor, even if he volunteered it, it is highly improper. It is obliged to be prejudicial.

"The Court: I don't think so.

"Mr. Mullins: We move, your Honor, to grant a mistrial at this time on the ground that the statement made by the witness with reference to insurance is highly prejudicial, and it can't be anything but prejudicial. And the fact that it was voluntary, we contend, doesn't affect our right to ask for a mistrial. We didn't bring it out in any way. I think there is a South Carolina case on the fact that the witness volunteered the statement, that it doesn't destroy your right to ask for a mistrial.

"The Court: I don't think that is such a ruling as the Federal Court would be

bound to follow. I don't see anything that is prejudicial about the statement. To start with, the statement made by the witness was volunteered by him. It was not even in response to a question. He simply volunteered it while succeeding the Court's ruling. Besides, there is no indication in his answer that could possibly be prejudicial to this defendant. The mere fact that he mentioned insurance did not, in the connection he made it, suggest that the defendant had some insurance in this case any more than it suggested that the plaintiff had insurance. And on the theory that you suggest, if he surmised that it had reference to the plaintiff's insurance it would be in your favor and prejudicial to the plaintiff rather than to you. There is nothing from that statement to indicate that the defendant carried insurance. I wouldn't grant a motion for a mistrial.

"Mr. Mullins: In all due deference, we think it is prejudicial. If you will allow us an exception to your Honor's ruling."

No other reference to insurance occurred during the entire trial. Defendant made no request that the judge caution the jury to disregard the testimony, nor did he request any instruction to the jury on the point or take any exception to the judge's charge, though especially accorded an opportunity to do so, out of the jury's hearing.

After entry of the judgment, defendant moved for a new trial on the grounds of the prejudice arising from this reference to insurance and also the excessiveness of the damages allowed. Judge Timmerman denied this motion in an extended and very carefully considered opinion which, we believe, accurately summarizes the law of this case.

■ The general principle that the voluntary or intentional introduction into evidence, either directly or indirectly, by the plaintiff of the fact that a defendant in a tort action is protected by liability insurance, is prejudicial error and grounds for a mistrial, is too well settled to warrant extensive citation of authority. James Stewart & Co. v. Newby, 4 Cir., 266 F. 287; Jupollo Public Service Co. v. Grant, 4 Cir., 42 F.2d 18; Haynes v. Graham, 192 S.C. 382, 6 S.E.2d 903; Cox v. Employers Liability Ins. Corporation, 191 S.C. 233, 196 S.E. 549.

■ This rule should not be extended, however to permit the party to obtain a mistrial merely because a witness very incidentally interjects a casual and ambiguous reference to insurance into an unresponsive answer In such cases the usual procedure is that the judge will instruct the jury to disregard the testimony and strike it from the record. Vollington v. Southern Paving Construction Co., 166 S.C. 448, 165 S.E. 184.

The instant case would seem to be at the extreme in the range of cases where the prejudice would not seem to require the granting of a mistrial. The witness' reference to insurance was casual, oblique and in no way responsive to the question asked. He said he had made a statement to "I believe it was an insurance man", with nothing to indicate whose insurance (his own, the Cab Company's or the plaintiff's) or what type (accident, collision, public liability, etc.) was involved. Indeed, as Judge Timmerman suggests, it is not entirely clear that the words "insurance man" may not have been used merely as descriptive of an individual, as one might refer to a banker or a plumber, without intending to refer to the firm by which he was employed. The reference was so casual that some little additional questioning intervened before the defense first objected and, in doing so, counsel noted that "the witness was talking very low." The trial judge expressed doubt that the members of the jury had heard the inadvertent reference to an "insurance man" but we cannot decide this case on the assumption that the jury did not hear the remark. Finally, the statement was in the testimony of a witness for the defendant, not the plaintiff.

■ Under these circumstances, we are convinced that it was not error to deny defendant's motion for a mistrial. Where such a remark is the only basis for a mistrial, and where there is nothing in the record to show that the jury was in any way influenced by the remark or, in fact, even conscious of it, we believe that a mandatory requirement that a mistrial must be

**462**

granted would only serve to obstruct justice rather than insure an impartial determination of the controversy.

 This leaves to be disposed of only the question whether, having denied the motion for a mistrial, the judge should have gone ahead and instructed the jury to disregard the reference, either then or in his charge. Defendant contends that the judge's failure to do so was so prejudicial as to require us to remand the case for a new trial. We are unable to agree with this contention.

We note again that defendant never asked for any such caution or instruction, though particularly accorded an opportunity to do so. And it is a matter of common knowledge that cautioning jurors to disregard certain testimony frequently only serves to attract their attention to it. We believe that the trial judge's statement that he made no reference to the matter, in the absence of a request from defendant's counsel, on the assumption that defendant felt that less chance of prejudice would be involved by not calling attention to the remark, represents a proper interpretation of the matter.

In the Vollington case, supra, the failure of counsel to request a nonsuit or mistrial was held to constitute a waiver of his objections. As stated there: "Having failed to do either of these things, he must be held to have elected to take his chances for a favorable issue of the trial, and therefore to have waived his objections. He cannot be heard to renew them on this appeal." 165 S.E. at page 186. In our judgment, this rule is applicable to the instant case and defendant's failure to request any action other than the granting of a mistrial constitutes a waiver of his objection to the omission of any words of caution by the trial judge to the jury.

Finally, we note that the practice of carrying public liability insurance has now become so general, especially with regard to local public carriers, as to become a matter of common knowledge. Accordingly, it does not appear that the casual reference here in question, even if noticed by the jury and interpreted in the light most unfavorable to defendant's case, told the members of the jury anything they probably did not already know.

We find no prejudicial error in the record of this case. The motion for a mistrial was properly denied. The granting of a new trial is always a matter of judicial discretion and we see nothing to indicate that this discretion was abused in this case. The judgment of the District Court is accordingly affirmed.

Affirmed.