### 19450

Betty Jean BARTELL, as Administratrix of the Estate of George Allen Bartell, Respondent, v. WILLIS CONSTRUCTION COMPANY, INC., and the Home Indemnity Company, Appellants.

(190 S. E. (2d) 461)

*Messrs. Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* of Florence, *for Appellant,*

*Messrs. Yarborough, Parrott & Anderson,* of Florence, *for Respondent,*

*Messrs. Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* of Florence, *for Appellant, The Home Indemnity Company, in Reply.*

July 6, 1972.

LITTLEJOHN, Justice.

The plaintiff, Betty Jean Bartell, in her capacity as Administratrix of the Estate of George Allen Bartell, deceased, commenced this action for actual and punitive damages against both Willis Construction Company, Inc., and The Home Indemnity Company. The action sounds in torts and alleges in essence that the death of George Allen Bartell was brought about by reason of the negligence, recklessness and willfulness of the defendant, Willis Construction Company.

The complaint alleges that Willis Construction Company entered into a contract with the South Carolina Highway Department to hard-surface a road in Florence County. It alleges that The Home Indemnity Company executed a performance bond incident to the contract. It further asserts that Bartell's death was caused when the left front tire of his automobile struck a deep hole in the pavement on the construction project involved.

The defendant, Willis Construction Company, has answered. The Home Indemnity Company demurred to the complaint as follows:

"Please take notice that the defendant, The Home Indemnity Company, demurs to the complaint of the plaintiff upon the grounds that the plaintiff does not state a cause of action under the allegations of the complaint as to the defendant, The Home Indemnity Company.

"The demurrer of the defendant, The Home Indemnity Company, is further based upon the fact that the bond filed by this defendant, pursuant to the Code of Laws of the State of South Carolina, does not run in favor of third parties and the plaintiff, therefore, cannot institute an action directly against this defendant pursuant to the terms of the performance bond duly filed."

The trial judge overruled the demurrer and permitted Home Indemnity 20 days in which to answer. Home Indemnity has appealed. We reverse.

For the purposes of a demurrer the allegations of the complaint are assumed to be true. We therefore proceed on the assumption that Willis Construction Company was negligent on the construction project and wrongfully brought about Bartell's death. We further assume that The Home Indemnity Company executed a performance bond incident to the construction.

The only pertinent portion of the complaint which attempts to justify joining Home Indemnity as a party to the action is paragraph 6, which reads as follows:

"6. That on or about September 17th, 1969, the defendant, Willis Construction Company, Inc., contracted with the South Carolina State Highway Department to do various construction work consisting of the paving of dirt roads in the County of Florence, State of South Carolina, near Pamplico, South Carolina, covering approximately 9.429 miles and being designated as South Carolina File No.

21.592; that the defendant, The Home Indemnity Company, did give a performance bond for such contract, wherein and whereby The Home Indemnity Company became bound unto the South Carolina State Highway Department in a penal sum therein stated as required by the said contract and the statutes of the State of South Carolina, upon the condition that Willis Construction Company, Inc., pay and discharge all liabilities for injuries which had incurred in and by the said construction, and that the defendant, The Home Indemnity Company, executed the aforesaid bond as surety thereon, and at all times hereinafter mentioned, the construction of the highway was under the direction and control of the defendant, Willis Construction Company, Inc."

Section 33-224 of the 1962 Code reads in part as follows:

"Section 33-224. Amount of contractors' bonds.—(a) The State Highway Department shall require that the contractor on every public highway construction contract, exceeding ten thousand dollars, furnish the Highway Department, county, or road district the following bonds, which shall become binding upon the award of the contract to such contractor:

"(1) A performance and indemnity bond with a surety or sureties satisfactory to the authority awarding the contract, and in the full amount of the contract, and in no case less than ten thousand dollars, for the protection of the Highway Department, county or road district."

It is well established that the fact that a defendant is protected by insurance or indemnity bond from liability in an action for damages shall not be known to the jury. The reason of the rule is to avoid prejudice in the verdict, which might result from the jury's knowledge that the defendant will not have to pay it. *Dobson v. American Indemnity Company*, 227 S. C. 307, 87 S. E. (2d) 869 (1955).

An exception to the rule prevails when the insurance is required by statute or ordinance. It is well settled that an

insurer and the insured under policies of compulsory liability insurance, in actions by third persons based upon negligence, may be joined. See Section 10-702 of the Code (1962); *Croft v. Hall,* 208 S. C. 187, 37 S. E. (2d) 537 (1946); *Scott v. Wells et al.,* 214 S. C. 511, 53 S. E. (2d) 400 (1949), and *Brown v. Quinn,* 220 S. C. 426, 68 S. E. (2d) 326 (1951).

The question now submitted to this Court, as quoted from the respondent's brief, is as follows:

"Did the Lower Court err in overruling the Demurrer to the Complaint?"

We think the answer to that question must hinge on the query: Was Willis Construction Company required by law to carry liability insurance or an indemity bond to cover the wrongful conduct alleged against it? Counsel has cited no law, and we know of none, requiring that a policy of insurance or indemnity bond be procured to cover the delicts alleged in the complaint.

Counsel for the plaintiff argues that "the terms of the Bond cannot actually be ascertained without reading the contract between the Highway Department and the construction company. By the bond, Appellant guarantees that the construction company will well and truly perform all the undertakings, covenants, terms, conditions and agreements of the contract. One of the terms of the contract may well require payment of any claims of any member of the general public injured as a result of a defect in the highway or any negligence in the construction of the highway." Should such a provision be in the contract, it would be of no comfort to the plaintiff's position since such is not required by statute or ordinance. It would come in the category of private insurance.

We are of the opinion that the demurrer should have been sustained. If the performance bond contract, or any other contract, entitles the plaintiff to be paid by The Home Indemnity Company, plaintiff may pursue collection if and after

judgment is obtained against Willis Construction Company. The extent of our ruling is to hold that The Home Indemnity Company has been improperly joined in this action.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.