### 22506

Sam Lloyd SARVIS, Respondent v. Robert H. REGISTER and Goodson Construction Company, Inc., Appellants.

(341 S. E. (2d) 791)

Supreme Court

O. *Allen Alexander,* of *McCutcheon, McCutcheon and Baxter,* Conway, *for appellants.*

*Carroll D. Padgett, Jr.,* Loris, *for respondent.*

Heard Nov. 18, 1985.

Decided March 19, 1986.

*Per Curiam:*

This case arose out of an automobile accident. The respondent, Samuel Lloyd Sarvis (Sarvis), alleges that he suffered damages as the result of the negligence and/or recklessness of the appellants, Robert Register (Register), and Goodson Construction Company, Inc. The jury returned a verdict in favor of the respondent in the amount of Fifty Thousand ($50,000.00) Dollars actual damages and One Hundred Thousand ($100,000.00) Dollars punitive damages. The appellants allege that the trial judge erred in denying various trial motions, in his charge to the jury, and in permitting the introduction of certain evidence. We affirm.

At trial the appellants moved for a nonsuit, a directed verdict, and a judgment n.o.v. alleging that there was no evidence in the record that the negligence and recklessness of the appellants caused the respondent's damages. We disagree. We find that there is ample evidence in the record to support the rulings of the trial court. See *Kennedy v.*

*Custom Ice Equipment Company,* 271 S. C. 171, 246 S. E. (2d) 176 (1978), and *Gilbert v. Duke Power Company,* 255 S. C. 495, 179 S. E. (2d) 720 (1971).

The appellants also contend that the jury's verdict was unduly liberal or so excessive as to indicate passion, caprice or prejudice and are seeking reversal of the trial judge's denial of their motions for a new trial *nisi* or a new trial. The court is without authority to reduce a verdict that is merely unduly liberal; see *Easler v. Hejaz Temple,* 285 S. C. 348, 329 S. E. (2d) 753 (1985), and finds no evidence in the record that the verdict was so excessive as to be the result of passion, caprice or prejudice.

The appellants' allegations that the trial court erred in charging certain code sections are without merit, as there is evidence in the record to authorize the challenged instructions.

The appellants also contend that the court erred in admitting testimony concerning the gross income of Sarvis Aviation, Inc., and in allowing the jury to view an agricultural pilot advertisement film. The exclusion or admission of evidence at trial is addressed to the sound discretion of the trial judge, and his decision will not be reversed absent a showing of clear legal error. *Holmes v. Black River Electric Co-Op, Inc.,* 274 S. C. 252, 262 S. E. (2d) 875 (1980). In the present case, we find no abuse of discretion.

Finally, the appellants seek reversal of the trial judge's denial of their motion for a mistrial made after Mr. Robert Goodson, owner of Goodson Construction Company, Inc., mentioned insurance. Generally, the existence of insurance should not be brought to the attention of the jury, *Bartell v. Willis Construction Company,* 259 S. C. 20, 190 S. E. (2d) 461 (1972). However, if insurance is mentioned, the party moving for the mistrial has the burden of showing not only error but prejudice, *Tucker v. Reynolds,* 268 S. C. 330, 233 S. E. (2d) 402 (1977), *Speizman Knitting Machines v. Fretwell,* 264 S. C. 168, 213 S. E. (2d) 586 (1975). In this case, as in *Tucker,* this court finds that the appellants have failed to show that they were prejudiced by the apparently inadvertent use of the word insurance. The trial judge's refusal to grant the appellants motion for a mistrial is affirmed.

Affirmed.

GREGORY, J., concurring and dissenting in separate opinion.

GREGORY, Justice (concurring and dissenting):

This case involves a minor vehicular collision. Goodson Construction Company's truck, while proceeding through Loris at a slow speed, barely sideswiped respondent's parked pickup, causing minimal property damage. Although I concur in affirming the generous actual damage award, I dissent as to the punitive damage verdict. The award of One Hundred Thousand ($100,000.00) Dollars in punitive damages is so grossly excessive as to mandate the conclusion that this verdict was the result of passion, caprice, prejudice, corruption, or other improper motive.[1] I would reverse the One Hundred Thousand ($100,000.00) Dollar award, and remand for a new trial on the issue of punitive damages. *Cf., Carrigg v. Blue*, 283 S. C. 494, 323 S. E. (2d) 787 (App. 1984).

---

[1] The record is void of *any* evidence of the construction company's net worth.