1555

Ozetta BILLUPS, Respondent v. Tami Alice LELIUGA, Appellant.

(398 S.E. (2d) 75)

Court of Appeals

*M.M. Weinberg, Jr.,* of *Weinberg, Brown & McDougall,* Sumter, and *Thomas W. Cooper, Jr.,* Manning, *for appellant.*

*Nelson R. Parker,* of *Land, Turbeville & Parker,* Manning, *for respondent.*

Heard Sept. 19, 1990.

Decided Oct. 22, 1990.

SHAW, Judge:

Respondent Ozetta Billups sued appellant Tami Alice Leliuga, for damages incurred as a result of an automobile accident. From a $15,000 jury verdict in favor of Billups, Leliuga appeals. We affirm.

A review of the record reveals the parties were travelling in the same direction in adjacent lanes. Leliuga was slightly ahead of Billups in the right hand lane and changed into the left hand lane directly in front of Billups. Billups testified she was in the left hand lane attempting to pass Leliuga when Leliuga suddenly crossed directly in front of her and reduced her speed suddenly, almost to the point of a complete stop,

causing Billups to run into the rear of Leliuga. She further stated there was no discernable reason for the sudden application of brakes by Leliuga. Leiluga testified she switched lanes in order to pass the automobile in front of her driven by a Mr. Posey. She stated that when she moved into the left hand lane, it appeared Mr. Posey was drifting over the line into her lane and she therefore tapped her brakes. Leliuga denied ever bringing her vehicle to a complete stop. Mr. Posey testified he observed Leliuga's automobile coming up on his left and she suddenly decreased her speed, apparently applying her brakes. He stated that at no time did his automobile cross over into the left hand lane, Leliuga's vehicle could have safely passed him on the left, and he could see no reason for Leliuga to suddenly stop.

Leliuga first contends the trial judge erred in failing to grant her motion for a mistrial based on the mention of insurance during the trial. We disagree.

Generally, a motion for a mistrial, as a result of anything occurring during the trial, is one addressed to the sound discretion of the trial judge, whose ruling will not be disturbed in the absence of an abuse of discretion amounting to an error of law. *Keller v. Pearce-Young-Angel Company*, 253 S.C. 395, 171 S.E. (2d) 352 (1969). An irresponsive or inadvertent response including a reference to insurance given to a properly propounded question will not be ground for declaring a mistrial. *Id.* 171 S.E. (2d) at 354.

During cross-examination of Billups' chiropractor, Dr. Fitzgerald, Leliuga's attorney asked him whether or not he sent his bill to Nelson Parker, Billups' attorney. The witness responded, "My insurance department, sir, sends bills wherever the patient. . . ." In denying the motion for mistrial, the trial judge noted the reference could be to any of several kinds of insurance outside the area of liability insurance. As in the case of *Tucker v. Reynolds*, 268 S.C. 330, 233 S.E. (2d) 402 (1977), the jury would not have been able to ascertain to whose insurance was being referred. Indeed, the testimony indicates the witness was referring to his own billing system, not the liability insurance carrier. While the defendant argues the interjection of the term "insurance" was intentional on the part of Dr. Fitzgerald, there is nothing in the record to indicate such is the case. Because the trial judge

is in a better position to make such a determination, we find no abuse of discretion in the denial of the motion for mistrial.[1]

Leliuga next contends the trial judge erred in denying ■ her motion for a mistrial based on the jury's unclear verdict. We disagree. The record indicates Billups showed medical expenses of around $1800. After the jury initially returned with a verdict, the trial judge stated as follows.

> Let the record show that on the sheet, which contained the forms, the following notation appeared: We find for the plaintiff $1,822, blank cents. There is also indication, we find for the plaintiff $15,000 actual damages.

The forelady explained the jury intended for the medicals to come out of the $15,000 and that the total amount of the verdict was $15,000. the forelady then wrote out the verdict which the clerk published stating ". . . we find for the plaintiff in the amount of $15,000." The court then polled the jurors, each indicating that was their verdict.

The law is clear that when a verdict is so confused that the jury's intent is unclear, the safest and best course is to order a new trial. *Johnson v. Parker*, 279 S.C. 132, 303 S.E. (2d) 95 (1983). However, a jury verdict should be upheld when it is possible to do so and carry into effect the jury's clear intention. *Id.* 303 S.E. (2d) at 97. Although there was some confusion in the jury's initial written verdict, the record indicates the jury's intent to find for the plaintiff in the amount of $15,000 was clear.

Leliuga argues the trial judge erred in admitting the ■ testimony of Dr. Fitzgerald because Fitzgerald was unable to state Billups' exact range of motion in her neck and because he had not examined her for a period of fourteen months. The qualification of a witness as an expert and the admissibility of his testimony on a fact in issue are matters largely within the discretion of the trial judge. Once qualified, the adequacy of the expert's knowledge goes to the weight of his testimony, not its admissibility. *Madden v. Cox*,

---

[1] The same applies to a later mention of the term "insurance form" by the same witness. We further note the attorney for Leliuga failed at that time to move for a mistrial.

284 S.C. 574, 328 S.E. (2d) 108 (Ct. App. 1985). A reading of Dr. Fitzgerald's testimony indicates that range of motion was but one of the factors considered in rating Billups' impairment. We find no abuse of discretion in the admission of his testimony.

Leliuga further contends the trial judge erred in failing to exclude the testimony of Dr. Piggott, an orthopedic surgeon, regarding Billups' injuries and impairment because his testimony was insufficient to establish any causal connection between any permanent injuries suffered by Billups and the accident. Generally, when opinions of medical experts are relied upon to establish causal connection of negligence to injury, the proper test to be applied is that the expert must, with reasonable certainty, state that in his professional opinion the injuries complained of most probably resulted from the alleged negligence of the defendant. *Armstrong v. Weiland*, 267 S.C. 12, 225 S.E. (2d) 851 (1976). When the testimony of an expert witness is not relied upon to establish proximate cause, it is sufficient for the plaintiff to put forth some evidence which rises above mere speculation or conjecture. *Id.* 225 S.E. (2d) at 853.

We first note the record before us appears to contain sufficient non-expert opinion evidence to demonstrate the causal connection between the defendant's negligence and the plaintiff's injuries. However, we further find the testimony of Dr. Piggott adequately establishes the causal connection. Prior to expressing his opinion, Dr. Piggott agreed his opinions were based on a reasonable degree of medical certainty. When later asked the most probable cause of plaintiff's impairment, Dr. Piggott responded, "I think it came as a result of the auto accident injuries. . . ." We find Dr. Piggott's testimony read as a whole clearly satisfies the "most probably" standard required by *Armstrong*.

Leliuga next argues the $15,000 damages award was so excessive as to indicate passion, caprice or prejudice on the part of the jury and that the trial judge therefore erred in denying her motion for a new trial nisi. A motion for a new trial or a new trial nisi is directed to the sound discretion of the trial judge and his decision to deny such a motion will be upheld unless the verdict is wholly unsupported by the evidence or so excessive as to be the result of caprice,

passion, prejudice or sympathy. *Jenkins v. Dixie Specialty Co.*, 284 S.C. 425, 326 S.E. (2d) 658 (1985). Considering the evidence contained in the record of Billups' medical bills, permanent impairment, and pain and suffering, we find no abuse of discretion.

Finally, Leliuga contends the trial judge erred in denying her motion for directed verdict on the issue of contributory negligence asserting Billups was contributorily negligent as a matter of law. We disagree.

In deciding a motion for directed verdict, the evidence and all reasonable inferences that can be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Campbell v. Paschal*, 290 S.C. 1, 347 S.E. (2d) 892 (Ct. App. 1986). If more than one reasonable inference can be drawn from the evidence, the case should be submitted to the jury. *Id.* 347 S.E. (2d) at 895. Further, the issues of negligence and contributory negligence are generally questions of fact for the jury. *Id.* 347 S.E. (2d) at 895. In viewing the evidence in this case in a light most favorable to Billups, we find the trial judge properly submitted the issue to the jury.

Based on the foregoing, the judgment below is

Affirmed.

BELL and CURETON, JJ., concur.