THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kenneth S. Pinckney, Appellant,
 
 
 

v.

 
 
 
 Robert J. Salamon, Lowcountry Chiropractic, Respondent.
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master-In-Equity

Unpublished Opinion No. 2007-UP-023
Submitted January 1, 2007  Filed January 12, 2007

AFFIRMED

 
 
 
 Kenneth S. Pinckney, of Cross, Pro Se Appellant.
 N. Keith Emge, Jr., of Charleston, for Respondent.
 
 
 

PER CURIAM:  Kenneth S. Pinckney appeals the trial courts award of summary judgment in favor of Dr. Robert J. Salamon.  We affirm.[1]
FACTS
On March 11, 2003, Kenneth S. Pinckney received chiropractic treatment for lower back pain from Dr. Robert J. Salamon.  After leaving Dr. Salamons office, Pinckney experienced great discomfort in his throat, wheezing, difficulty swallowing, and the loss of his voice.  Pinckney associated the problems in his neck and throat with the care he received from Dr. Salamon, particularly a procedure that involved Pinckney turning his head from side to side while lying on an examination table.
As a result of his alleged injury, Pinckney filed a medical malpractice lawsuit against Dr. Salamon.  The complaint claimed Dr. Salamon was grossly negligent in the care he administered.  Additionally, Pinckney alleged Dr. Salamon failed to receive Pinckneys informed consent in regard in any treatment that involved his neck and throat.
After his visit to Dr. Salamon, Pinckney saw Dr. Robert Marwick, an ear, nose and throat specialist.  Dr. Marwick evaluated Pinckneys condition and, although equivocal in his diagnosis, believed that Pinckney may have a fractured hyoid.  In his answer to interrogatories, Pinckney indicated that he intended to call Dr. Marwick as a witness.  Shortly after the interrogatories were filed, Dr. Marwick stated in a letter to Pinckney: I could not establish a causal connection between your medical condition and any treatment that you had received from a chiropractor.  Therefore, I will not be able to help you in your potential case as a witness.
Pinckney also proffered Dr. Jerald Yaden as an expert witness.  However, in his affidavit, Dr. Yaden stated he had no personal knowledge of the injury Pinckney allegedly sustained and that he could not testify to a reasonable degree of professional certainty that Dr. Salamons treatment deviated from the standard of care in the field of chiropractics.  Specifically, Dr. Yaden stated:

 I have not treated Kenneth S. Pinckney since April of 2001.
 I have no personal knowledge of the alleged injuries sustained by Mr. Pinckney in March of 2003.
 If called to testify in this matter, I could not testify to a reasonable degree of professional certainty that Dr. Salamons treatment of Mr. Pinckney deviated from the standard of care in the chiropractic profession or that Dr. Salamons treatment of Mr. Pinckney was most probably the cause of the injuries alleged by Mr. Pinckney.

Pinckney listed a number of other physicians who could serve as witnesses.  However, upon being subpoenaed, these doctors all indicated they had only treated Pinckney prior to his visit with Dr. Salamon and had no involvement with the injury at issue in this case.
Dr. Salamon moved for summary judgment, citing Pinckneys failure to proffer expert testimony proving the standard of care had been breached and was the proximate cause of his injury.  The master-in-equity granted this motion, to which Pinckney now appeals.
DISCUSSION
When reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Baughman v. Am. Tel & Tel. Co., 306 S.C. 101, 114-15, 410 S.E.2d 537, 545 (1991).  The moving party may discharge the burden of demonstrating the absence of a genuine issue of material fact by pointing out the absence of evidence to support the nonmoving partys case.  Lanham v. Blue Cross and Blue Shield of S.C., Inc., 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002).
Although the court must view the facts and inferences therefrom in a light most favorable to the nonmoving party, Bravis v. Dunbar, 316 S.C. 263, 265, 449 S.E.2d 495, 496 (Ct. App. 1994), in order to withstand a motion for summary judgment, the nonmoving party must establish specific facts showing that there is a genuine issue of material fact for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986).  This court has previously held: 

 A party opposing a properly supported motion for summary judgment, however, may not rest on the mere allegations or denials of his pleading, but must set forth or point to specific facts showing that there is a genuine issue of material fact.  Thus, the existence of a mere scintilla of evidence in support of the nonmoving partys position is not sufficient to overcome a motion for summary judgment. 

Dickert v. Metropolitan Life Ins. Co., 306 S.C. 311, 313, 411, S.E.2d 672, 673 (Ct. App. 1991) (internal citations omitted), revd in part on other grounds, 311 S.C. 218, 428 S.E.2d 700 (1993).  Thus, the nonmoving party cannot rest solely on its pleadings.
A physician commits malpractice by not exercising that degree of skill and learning that is ordinarily possessed and employed by members of the profession in good standing, acting in the same or similar circumstances. Durham v. Vinson, 360 S.C. 639, 650-51, 602 S.E.2d 760, 766 (2004).  In order to recover in a malpractice action, a plaintiff must prove: (1) a duty of care owed to the defendant by the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the defendants breach.   See Crolley v. Hutchins, 300 S.C. 355, 387 S.E.2d 716 (Ct. App. 1989).  Failure to conform to the standard of care must generally be shown by expert testimony, unless the subject matter is within common knowledge and experience.  Jernigan v. King, 312 S.C. 331, 440 S.E.2d 379 (Ct. App. 1993).  
As the standard of care owed by chiropractor for the treatment of lower back pain is not within the common knowledge, Pinckney must present expert testimony in order to establish his claim.  In regard to negligence, the expert must provide the duty of care owed in treating the condition and that through a negligent act or omission, Dr. Salamon breached this duty, proximately causing Pinckneys injury.  Similarly, Pinckneys claim for lack of informed consent must be proven by expert testimony establishing the professional standard for disclosure for Dr. Salamons branch of medicine, the doctor breached that standard in regards to Pinckney, and Pinckney was harmed as a result. 
In the context of medical malpractice, South Carolina has the following burden for showing causation:

 [W]hen opinions of medical experts are relied upon to establish causal connection of negligence to injury, the proper test to be applied is that the expert must, with reasonable certainty, state that in his professional opinion the injuries complained of most probably resulted from the alleged negligence of the [defendant].

Billups v. Leliuga, 303 S.C. 36, 40, 398 S.E.2d 75, 77 (Ct. App. 1990).  Thus, the test for the admissibility of expert testimony on a causal connection requires the expert to state that the result most probably came from the cause alleged.  32 S.C. Juris Witness § 79 (referencing Clark v. Greenville County, 313 S.C. 205, 437 S.E.2d 117 (1993)).  Medical expert testimony that the injury possibly, could have, or might have resulted from the alleged negligence is insufficient to prove causation.  See Billups, 303 S.C. at 40, 398 S.E.2d at 77.
The uncontested statement of Dr. Marwick, the only physician known to have evaluated Pinckney after visiting Dr. Salamon, was that he cannot meet South Carolinas standard for expert testimony pertaining to causation.  None of the other doctors Pinckney listed as experts examined him subsequent to the alleged injury.  Pinckney failed to proffer any expert testimony regarding a breach of the standard of care or that the breach was the proximate cause of the injury.  As a result, there are no genuine issues of material fact as to his causes of action.  Because the issue discussed is dispositive, we need not address any other issues.
CONCLUSION 
Accordingly, the grant of summary judgment is 
AFFIRMED.
ANDERSON, HUFF, and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.