THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Dino Rossi,
 Theresa King, and Ira Gross, Appellants,
 v.
 Intercoastal
 Village Resort Homeowners Association, Inc., Craig LaForte, President, Craig
 LaForte, Individually, Joanne Sacca, Secretary, Joanne Sacca, Individually,
 Christopher Mezzanotte, Treasurer, Christopher Mezannotte, Individually,
 Terry Walser, Director, and Terry Walser, Individually, Defendants,
 Of whom,
 Intercoastal Village Resort Homeowners Association, Inc., Craig LaForte,
 President, Joanne Sacca, Secretary, Christopher Mezzanotte, Treasurer, and
 Terry Walser, Director are, Respondents.
 And
 Intercoastal Village Resort Homeowners Association, Inc., Plaintiff,
 v.
 AGB090903, LLC, Defendant,
 And
 Intercoastal Village Resort Homeowners, Inc., Plaintiff,
 v.
 Harvey D.
 Hugunin, Georgianna P. Lash, Dino Rossi, Lonnie Van Dyke, Thomas D. Barr, Ira
 M. Gross, Theresa A. King, Donald J. Hanafin, IJB081901, LLC, Donald H. Adam,
 Christopher Valpone, Daisy M. Ward, Paul F. Bergstrom and Kristopher Paul
 Allen are, Defendants,
 Of whom, Lonnie
 Van Dyke, Thomas D. Barr, Donald J. Hanafin, Donald H. Adam, Paul F.
 Bergstrom and Kristopher Paul Allen are, Appellants.
 
 
 
 

Appeal From Horry County
Charles O. Nation, II, Special Referee

Unpublished Opinion No. 2012-UP-221
Heard March 12, 2012  Filed April 4, 2012    

AFFIRMED

 
 
 
 Patrick J. Reilly, of North Myrtle Beach, for Appellants.
 Amanda A. Bailey, of Myrtle Beach, for Respondents.
 
 
 

PER CURIAM: Dino
 Rossi, Theresa King, and Ira Gross (Homeowners) filed this declaratory judgment
 action against Intercoastal Village Resort Homeowners Association, Inc. (the
 Association) and the members of the Board of the Association, individually and
 as officers and/or directors.  Homeowners alleged causes of action relating to
 a construction contract entered into by the Association and a special
 assessment approved by the Board of Directors of the Association (the Board). 
 After unsuccessful mediation, the Association initiated foreclosure actions
 against Homeowners and other Association members.  The cases were consolidated,
 the foreclosures were stayed, and the matter was referred to the special
 referee.  The parties consented to framing the three issues to be determined by
 the referee as: (1) interpretation of a Master Deed regarding whether work to
 be performed under a construction contract constituted maintenance and repair,
 or an alteration, modification, or improvement; (2) the validity of the Board's
 action in entering into the construction contract; and (3) the propriety of a special
 assessment passed by the Board.  The special referee: (1) interpreted the
 construction contract work as maintenance and repair under the Master Deed; (2)
 found the Board was authorized to enter into the construction contract; and (3)
 found the Board was authorized to impose the special assessment.  We affirm
 pursuant to Rule 220(b), SCACR, and the following authorities:   

 1. We
 affirm the referee's finding that the work to be performed under the
 construction contract constituted maintenance and repair.  See  Taylor v. Lindsey, 332 S.C. 1, 4, 498 S.E.2d 862, 863 (1998) ("Words of a
 restrictive covenant will be given the common, ordinary meaning attributed to
 them at the time of their execution."); Cullen v. McNeal, 390 S.C.
 470, 481-82, 702 S.E.2d 378, 384 (Ct. App. 2010) (stating the declarations of a
 homeowner's association are construed according to the terms the parties used,
 with the terms understood in their plain, ordinary, and popular sense). 
 2. We need not address the referee's finding that the special assessment was authorized by owners owning
 sixty percent of the value of the property.  See Hagood v. Sommerville, 362 S.C. 191, 199, 607
 S.E.2d 707, 711 (2005) (declining to address an issue when the resolution of a
 prior issue is dispositive).
 3. We
 affirm the referee's refusal to find the recall vote valid.  See Slear v. Hanna,
 329 S.C. 407, 410-11, 496 S.E.2d 633, 635 (1998) ("If [an] action is
 viewed as interpreting a deed, it is an equitable matter[,] and the appellate
 court may review the evidence to determine the facts in accordance with the
 court's view of the preponderance of the evidence."); Godfrey v. Heller, 311 S.C. 516, 518, 429 S.E.2d 859, 860 (Ct. App. 1993) (stating even
 when reviewing a special referee's order under its own view of the preponderance
 of the evidence, an appellate court is not required to disregard the factual
 findings of the referee, who saw and heard the witnesses and was in a better
 position to judge their credibility).
 4. We affirm the referee's finding that the Board validly passed the corporate resolution
 approving the special assessment.  First,
 we find Homeowners failed to preserve the issue regarding a Board member who was
 not qualified to vote.  See Herron
 v. Century BMW, 395 S.C. 461, ___,
 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires
 that an issue be raised to and ruled upon by the trial judge.").  Second,
 we disagree that the resolution required the approval of at least sixty percent
 of the Association.  See Hagood, 362 S.C. at 199, 607 S.E.2d at 711
 (declining to address an issue when the resolution of a prior issue is
 dispositive).  Third, we find no merit to the argument regarding the Board's own recognition of its duty to submit the
 assessment to the Association members.  See Hunt v. S.C. Forestry
 Comm'n, 358 S.C. 564, 569, 595 S.E.2d 846, 848 (Ct. App. 2004) ("To
 construe a deed, a court looks first at the language of the instrument because
 the court presumes it declares the intent of the parties." (quoting 23 Am.
 Jur. 2d Deeds § 192 (2002))).
 5. We
 affirm the referee's refusal to admit expert testimony of a witness designated
 as a fact witness.  See Rule 33(b), SCRCP ("[I]nterrogatories shall be deemed to continue
 from the time of service, until the time of trial of the action . . . ."); Bensch v. Davidson, 354 S.C. 173, 182, 580 S.E.2d 128, 132 (2003)
 (stating there is a continuing duty to answer a standard interrogatory, such as
 one requesting the party list any expert witnesses); Dunn v. Charleston Coca-Cola Bottling Co., 307 S.C. 426, 432, 415 S.E.2d 590, 593 (Ct. App.
 1992) (finding the decision whether to allow testimony of a witness not listed
 on answers to interrogatories is within the sound discretion of the trial court), revd on other grounds, 311 S.C. 43, 426 S.E.2d 756 (1993).

AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.