UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOAUN W. HILL,
Plaintiff-Appellee,

v.

No. 00-1528

MILTON RUBEN CHEVROLET,
INCORPORATED; MICHAEL V. FOWLER,
Defendants-Appellants.

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Cameron McGowan Currie, District Judge.
(CA-98-728-1-22)

Submitted: September 26, 2000

Decided: October 17, 2000

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

H. Clayton Walker, Jr., SWAGART, WALKER & REIBOLD, P.A.,
Columbia, South Carolina, for Appellants. Michael C. Eubanks, Bre-
vard, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Milton Ruben Chevrolet, Incorporated, and Michael V. Fowler appeal a district court order disposing of all claims raised in a negligence action brought by Joaun W. Hill. Hill commenced an action alleging that she was injured as a result of an automobile accident caused by the Appellants' negligence. On appeal, the Appellants claim that: (1) the district court erred by refusing to convene a new jury pool after it disclosed during the voir dire of the jury pool that the Appellants had liability insurance; (2) Hill did not establish by expert testimony that her herniated disc and related injuries were the result of the automobile accident; (3) the district court erred by instructing the jury on concurrent causation; and (4) the district court erred by refusing to grant the Appellants a new trial on the issue of damages related to Hill's herniated disc. Finding no reversible error, we affirm.

"The district court enjoys broad discretion in deciding the questions to ask venire members during voir dire," and "it is a rare case in which a reviewing court will find error in the trial court's conduct of voir dire." Sasaki v. Class, 92 F.3d 232, 238-39 (4th Cir. 1996). We find that the Appellants were not prejudiced by the district court's question to the jury pool. See, e.g., Gleaton v. Green, 156 F.2d 459, 461 (4th Cir. 1946).

We also find that the district court did not err by denying Appellants' motion for a partial judgment as a matter of law. The expert opinion established a probability that Hill's herniated disc was caused or aggravated by the automobile accident. In addition, we find that the district court did not abuse its discretion by denying the Appellants' motion for a new trial on the issue of damages as a result of the herniated disc.

2

Finally, we conclude that the district court properly instructed the jury on concurrent causation. There was competent evidence on the issue supporting the instruction. See Perlmutter v. U.S. Gypsum Co., 4 F.3d 864, 872 (10th Cir. 1993).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3

f